IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-001605-BNB

TERRANCE M. FARRELL, III,

    Plaintiff,

v.

SHERIFF KERRY WILSON,
CITY AND COUNTY OF DENVER,
DR. CHRISTIAN STOB,
DR. PETER CRUM,
DR. GREG KELLERMEYER,
DENVER HEALTH MEDICAL CENTER, and
ANY INSURANCE CARRIER FOR DENVER, CITY OF DENVER HEALTH,
    Insurance Company for Appropriate Time Period,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Terrance M. Farrell, II, is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. Farrell, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights were violated. The Court determined the Complaint was deficient and directed Mr. Farrell to submit his claims on a Court-approved form, which he did on August 28, 2013.

    The Court must construe the Complaint liberally because Mr. Farrell is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's

advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Farrell will be ordered to file an Amended Complaint and assert how all named parties violated his constitutional rights.

Although Mr. Farrell has indicated personal participation by certain defendants in the constitutional violations set forth in the Complaint, he fails to state any personal participation by remaining Defendants. To establish personal participation, Mr. Farrell must show how each individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that they cause. *See Dodds v. Richardson, et al.* ,614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring).

To state a claim in federal court, Mr. Farrell must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Farrell file within thirty days from the date of this Order an Amended Complaint that is in keeping with the above directives. It is

FURTHER ORDERED that Mr. Farrell shall obtain the Court-approved Prisoner

Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Farrell fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the Court will proceed with a review of the merits of only the claims asserted against specific Defendants.  It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED September 17, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge