IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01605-BNB

TERRANCE M. FARRELL, III,

    Plaintiff,

v.

DOCTOR GREG KELLERMEYER,
DOCTOR CHRISTIAN STOB,
DENVER HEALTH MEDICAL CENTER,
DENVER HEALTH CEO - ARTHUR H. GONZALEZ,
INSURANCE CARRIER FOR DENVER HEALTH MEDICAL CENTER,
DENVER COUNTY SHERIFF KERRY WILSON, and
CITY AND COUNTY OF DENVER, COLORADO,

    Defendants.

## SECOND ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Terrance M. Farrell, III, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the correctional facility in Sterling, Colorado. He initiated this action by filing *pro se* a Prisoner Complaint alleging that his constitutional rights were violated. The Court determined that the Complaint was deficient and directed Mr. Farrell to submit his claims on a court-approved form, which he did on August 28, 2013 (ECF No. 17). On September 17, 2013, the Court reviewed Mr. Farrell's Prisoner Complaint and ordered him to file an Amended Complaint and assert how all named parties violated his constitutional rights (ECF No. 21). Specifically, the Court found that although Mr. Farrell indicated personal participation by certain defendants in the constitutional violations set forth in his Complaint, he failed to

state any personal participation by remaining Defendants (Id.). Accordingly, the Court instructed Mr. Farrell to explain in his Amended Complaint what each defendant did to him, when, how the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007). On October 4, 2013, Mr. Farrell filed an Amended Complaint (ECF No. 23).

The Amended Complaint in this case does not comply with the court's September 17, 2013 Order. For one thing, the District of Colorado local civil rules require *pro se* prisoners to "use the forms established by this court to file an action." D.C.COLO.LCivR 8.2A. Therefore, Mr. Farrell must use the court-approved Prisoner Complaint form in order to file an amended complaint. In addition, the court has reviewed the Amended Complaint in this case and finds that Mr. Farrell's allegations do not assert how **all** named parties violated his constitutional rights. With the exception of Defendants Dr. Greg Kellermeyer and Dr. Christian Stob, Mr. Farrell fails to assert that the remaining Defendants personally participated in the alleged constitutional violations. Moreover, Mr. Farrell asserts claims in the body of the Complaint against the Medical Administrator and Patient Advocate for Denver Health Medical Center; the Denver Sheriff Department; and Deputies Tomsick, Sherrod, Mickelson, Enriquez, Blaine, and Singletonbut, but he does not list these individuals as parties in the caption of the Complaint. If Plaintiff intends to sue these individuals under 42 U.S.C. § 1983, he must add their names to the caption and state specific facts in the body of the Complaint to show that each Defendant was personally involved in a deprivation of Plaintiff's constitutional rights.

Mr. Farrell will be given a final opportunity to file an amended complaint on the court-approved Prisoner Complaint form that complies with the court's September 17, 2013 Order. For each claim Mr. Farrell asserts in the amended complaint, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163. In other words, Mr. Farrell must make clear in the amended complaint what specific claim or claims he is asserting against each named Defendant, what specific constitutional rights allegedly have been violated, and how each named Defendant personally participated in the asserted constitutional violations. There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Furthermore, Mr. Farrell appears to be suing improper parties. He may not sue the Denver Sheriff's Department because it is not an entity separate from the City and County of Denver and, therefore, is not a person subject to suit under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against this entity must be considered as asserted against the City and County of Denver.

To hold municipalities, like Defendant City and County of Denver, liable under 42 U.S.C.§ 1983, Mr. Farrell must show that a policy or custom exists and that there is a

3

direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).  Municipalities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.

Lastly, if Denver Health Medical Center is a municipal entity, Mr. Farrell's claim against the medical center also will be governed by the *Monell* standard.  Pursuant to COLO. REV. STAT. § 25-29-103(1), Denver Health and Hospital Authority is a political subdivision of the state that operates the health system for the City and County of Denver.  Denver Health Medical Center may, therefore, only be sued for alleged civil rights violations by its employees pursuant to 42 U.S.C. § 1983 if those actions were taken pursuant to an official policy or custom. *See Villalpando v. Denver Health & Hosp. Auth.*, No. 01-1450, 65 F. App'x 683, 686-87 (10th Cir. April 14, 2003) (generally observing that Denver Health and Hospital Authority is a "person" subject to municipal liability under § 1983).

The Court directs Mr. Farrell to file a second amended prisoner complaint on a court-approved form that alleges the personal participation of each defendant listed in the caption of the complaint and clarifies against whom Mr. Farrell is alleging the claims.

Accordingly, it is

4

ORDERED that Plaintiff, Terrance M. Farrell, III, shall have **thirty (30) days from the date of this order** to file an amended prisoner complaint using the court-approved Prisoner Complaint form that complies with the directives in this Order and the court's September 17, 2013 Order. It is

FURTHER ORDERED that Mr. Farrell shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Farrell fails to file an amended prisoner complaint that complies with this Order and the court's September 17, 2013 Order within the time allowed, some of the claims and defendants in this action will be dismissed without further notice.

DATED October 16, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge