IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01605-BNB

TERRANCE M. FARRELL, III,

      Plaintiff,

v.

GREG KELLERMEYER,
ANY INSURANCE CARRIER FOR DOCTOR GREG KELLERMEYER,
CHRISTIAN STOB,
ANY INSURANCE CARRIER FOR DOCTOR CHRISTIAN STOB,
MEDICAL ADMINISTRATOR OF DOWNTOWN DENVER DETENTION CENTER,
PATIENT ADVOCATE FOR DENVER HEALTH MEDICAL CENTER,
DENVER HEALTH AND HOSPITAL AUTHORITY,
SHERIFF DENVER COUNTY [GARY WILSON],
DENVER SHERIFF DEPUTY [MICKELSON],
DENVER SHERIFF DEPUTY [SHERROD],
DENVER SHERIFF DEPUTY [TOMSICK],
DENVER SHERIFF DEPUTY [NORRGARD],
DENVER SHERIFF DEPUTY [SINGLETON],
DENVER SHERIFF DEPUTY [BLAINE],
CITY AND COUNTY OF DENVER, CO, and
ANY INSURANCE CARRIER FOR CITY AND COUNTY OF DENVER, CO,

      Defendants.

_____

ORDER TO DISMISS IN PART AND TO DRAW
TO A DISTRICT JUDGE AND MAGISTRATE JUDGE

_____

      Plaintiff, Terrance Farrell, is a prisoner in the custody of the Colorado

Department of Corrections incarcerated at the Sterling Correctional Facility in Sterling,

Colorado.  On September 17, 2013, Magistrate Judge Boyd N. Boland reviewed

Plaintiff's Prisoner Complaint and directed Plaintiff to file an amended prisoner

complaint that alleged the personal participation of each defendant in a deprivation of

his constitutional rights.  Plaintiff filed an Amended Prisoner Complaint on October 4,

2013.  On October 16, 2013, Magistrate Judge Boland reviewed the Amended Prisoner

Complaint and ordered Plaintiff to file a second amended prisoner complaint on the

court-approved form that alleged facts to show the personal participation of each named

defendant.  Plaintiff filed a Second Amended Prisoner Complaint on November 15,

2013.  On November 20, 2013, Magistrate Judge Boland reviewed Plaintiff's Second

Amended Complaint, determined that it was missing information regarding the parties

and jurisdiction, and gave Plaintiff one additional opportunity to file a pleading that

complies with the Court's orders.  On December 20, 2013, Plaintiff filed a Third

Amended Prisoner Complaint (ECF No. 31) pursuant to 42 U.S.C. § 1983 alleging

Eighth Amendment claims for deliberate indifference and cruel and unusual

punishment.

Plaintiff has been granted leave to proceed *in forma pauperis,* pursuant to 28

U.S.C. § 1915.  Pursuant to § 1915(e)(2)(B), the Court is required to dismiss the

complaint at any time if the action is frivolous or malicious.  A legally frivolous claim is

one in which the plaintiff asserts the violation of a legal interest that clearly does not

exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*,

490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the

Third Amended Prisoner Complaint in part as legally frivolous.

The Court must construe the Complaint liberally because Plaintiff is a *pro se*

litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991).  If a complaint reasonably can be read "to state a valid

claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's

2

failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, a court should not act as a *pro se* litigant's advocate.  *See id.*

Plaintiff's Third Amended Prisoner Complaint is not a model of clarity.  Plaintiff names sixteen defendants and intermingles repetitive, conclusory, and vague allegations in each of the three specified claims.  The Court has directed Plaintiff to amend three times, and his claims overall still lack clarity.  Consequently, the Court finds that directing Plaintiff to file another amended complaint would not be beneficial. The Court, therefore, after a thorough review of Plaintiff's claims, finds the following.

Plaintiff asserts three causes of action: (1) deliberate indifference and cruel and unusual punishment against Defendants Kellermeyer and Stob; (2) deliberate indifference against Defendants Denver Health and Hospital Authority, Medical Administrator, and Patient Advocate; and (3) deliberate indifference and cruel and unusual punishment against Defendants Wilson, Mickelson, Sherrod, Tomsick, Norrgard, Singleton, Blaine, and the City and County of Denver.  Plaintiff also makes fleeting references to retaliation and violations of due process and equal protection.

The Court will not address at this time the merits of the claims asserted against Defendants Kellermeyer, Stob, Mickelson, Sherrod, Tomsick, Singleton, and the City and County of Denver.  Instead, claims one and three against these defendants in this action will be assigned to a district judge and a magistrate judge as provided in D.C.COLO.LCivR 8.1(c).

The Court notes that Plaintiff fails to assert any claims against the insurance

carriers for Dr. Kellermeyer, Dr. Stob, and the City and County of Denver, although they are listed as Defendants in the Complaint.  Therefore, Any Insurance Carrier for Dr. Kellermeyer, Any Insurance Carrier for Dr. Stob, and Any Insurance Carrier for the City and County of Denver will be dismissed as parties to this action.  The Court also finds that there are no allegations concerning Defendants Norrgard and Blaine, although they are listed as Defendants.  Therefore, Denver Sheriff Deputy Norrgard and Denver Sheriff Deputy Blaine will be dismissed as parties to this action.

In claim two, Plaintiff alleges that Defendants Denver Health and Hospital Authority, Medical Administrator, and Patient Advocate violated his constitutional rights under the Eighth Amendment by acquiescing in and tacitly approving the provision of grossly inadequate medical care.  Plaintiff further alleges that he informed the Medical Administrator and Patient Advocate of his serious medical condition and allegedly deficient medical care through numerous grievances, medical kites, and letters.

Plaintiff's second claim must be dismissed as legally frivolous.  Plaintiff's allegations that Defendants Medical Administrator and Patient Advocate deliberately ignored or tacitly authorized the underlying constitutional violations is not sufficient to demonstrate personal participation.  "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997); *see also Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (plaintiff must show an "affirmative link" between the supervisor and the constitutional violation and this requires more than "a supervisor's mere knowledge of his subordinate's" conduct).  As a result, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a

4

theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Moreover, Plaintiff's conclusory allegations that he sent grievances, medical kites, and

letters to Defendants Medical Administrator and Patient Advocate, without more, is

insufficient to establish liability.  *See Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99

F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to

high-ranking prison official] outlining his complaints about medical care, without more,

does not sufficiently implicate the [supervisory official] under § 1983").  Defendants

Medical Administrator of Downtown Denver Detention Center and Patient Advocate for

Denver Health Medical Center will be dismissed as parties to this action.

Denver Health and Hospital Authority is a "person" subject to municipal liability

under § 1983.  *See e.g., Villalpando v. Denver Health & Hosp. Auth.,* No. 01-1450, 65 F.

App'x 683, 686-87 (10 th Cir. April 14, 2003).  According to the principles of municipal

liability, an actor such as Denver Health and Hospital Authority "cannot be held liable

solely because it employs a torfeasor-or, in other words . . . cannot be held liable under

§ 1983 on a respondeat superior theory."  *Monell v. Dep't of Social Servs.,* 436 U.S.

658, 691 (1978).  In order to hold a municipality liable for the alleged constitutional

violations of its agents, a plaintiff must show that the municipality directly caused the

constitutional violation by instituting an "official municipal policy of some nature" that

was the "direct cause" or "moving force" behind the constitutional violation.  *Smedley v.*

*Corr. Corp. Of Am.,* 175 Fed. Appx. 943, 944 (10th Cir. Dec. 20, 2005) (unpublished

opinion).  "That is, a plaintiff must show that the municipal action was taken with the

requisite degree of culpability and must demonstrate a casual link between the

municipal action and the deprivation of federal rights."  *Bd. of County Com'rs v. Brown,*

520 U.S. 397, 404 (1997).

Plaintiff alleges that Defendant Denver Health and Hospital Authority may be sued under § 1983 if its employees' unconstitutional actions were taken pursuant to an official policy or custom.  Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings.  *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991),  *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Plaintiff's conclusory allegations of custom and policy are insufficient to establish municipal liability and therefore, Defendant Denver Health and Hospital Authority also will be dismissed as a party to this action.

In claim three, Plaintiff alleges that sheriff deputies subjected him to cruel and unusual punishment by "using excessive force, excessive solitary confinement, interfering with prescribed medical treatment, and other deprivations of his Eighth Amendment Right."  Plaintiff further alleges that Defendant Sheriff of Denver County Gary Wilson is the supervisor responsible for the conduct of the sheriff deputies and that Defendant City and County of Denver maintains an unconstitutional policy that enables deficient medical and mental health treatment.

Defendant Wilson must be dismissed as a party.  A supervisor is only liable for a constitutional violation that he or she has caused.  *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).  Accordingly, there must be an affirmative link between the

6

alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . .–express or otherwise–showing their authorization or approval of such 'misconduct.'"). Plaintiff's conclusory allegations that he sent letters and grievances to Defendant Wilson, without more, is insufficient to establish liability.  *See Davis,* 99 F. App'x. at 843 (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983"); *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted).  Therefore, Defendant Sheriff of Denver County Gary Wilson will be dismissed as a party to this action.

Accordingly, it is

ORDERED that the claims as specifically stated above asserted against Defendants Medical Administrator of Downtown Denver Detention Center, Patient Advocate for Denver Health Medical Center, Denver Health and Hospital Authority, Sheriff of Denver County Gary Wilson, Denver Sheriff Deputy Norrgard, Denver Sheriff

7

Deputy Blaine, Any Insurance Carrier for Dr. Kellermeyer, Any Insurance Carrier for Dr. Stob, and Any Insurance Carrier for the City and County of Denver, CO are dismissed with prejudice as legally frivolous.  It is

FURTHER ORDERED that the Complaint and claims as specifically stated above asserted against Defendants Kellermeyer, Stob, Mickelson, Sherrod, Tomsick, Singleton, and the City and County of Denver will be assigned to a district judge and a magistrate judge as provided in D.C.COLO.LCivR 8.1(c).

DATED at Denver, Colorado, this _9th_ day of___January_____, 2014.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court