IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01605-MSK-CBS

TERRENCE M. FARRELL, III,
    Plaintiff,
v.

GREG KELLERMEYER,
DENVER SHERIFF DEPUTY [MICKELSON],
DENVER SHERIFF DEPUTY [SHERROD],
DENVER SHERIFF DEPUTY [TOMSICK],
DENVER SHERIFF DEPUTY [SINGLETON], and
CITY AND COUNTY OF DENVER, CO.,
    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on the Motion to Dismiss Prisoner Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Mickelson, Sherrod, Tomsick, Singleton, and the City and County of Denver. Pursuant to the Order Referring Case dated January 28, 2014 (Doc. # 42) and the memorandum dated April 7, 2014 (Doc. # 69), this matter was referred to the Magistrate Judge. The court has reviewed the Motion and Brief (Docs. # 56 and # 57), Mr. Farrell's Response (filed April 25, 2014) (Doc. # 77), Defendants' Reply (filed May 12, 2014) (Doc. # 82), Mr. Farrell's supplemental filings (filed July 7, 2014) (Doc. # 105 and # 106), Defendants' Supplemental Brief (filed July 7, 2014) (Doc. # 107), the hearings held on March 18, 2014 and June 5, 2014 (*see* Courtroom Minutes/Minute Orders (Docs. # 63, # 89)), the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises.

I.     Statement of the Case

Mr. Farrell is currently incarcerated at the Buena Vista Correctional Complex of the Colorado Department of Corrections ("CDOC"). *See* CDOC Inmate Locator at www.doc.state.co.us. Proceeding *pro se*, Mr. Farrell commenced this case *in forma pauperis* on June 19, 2013. (*See* "Civil Complaint" (Doc. # 1), Motion to File without Payment of Filing Fee (Doc. # 4), "Order Granting Leave to Proceed pursuant to 28 U.S.C. § 1915" (Doc. # 19)). Six times the court directed Mr. Farrell to comply with pleading requirements and he subsequently filed additional iterations of his complaint. (*See* Docs. # 5, # 6, # 8, #17, # 21, # 23, # 24, # 28, # 29, # 30, and # 31). On January 9, 2014, the court dismissed Claim Two and Defendants Any Insurance Carrier for Dr. Kellermeyer, Any Insurance Carrier for Dr. Christian Stob, Medical Administrator of Downtown Denver Detention Center, Patient Advocate for Denver Health Medical Center, Denver Health and Hospital Authority, Sheriff of Denver County Gary Wilson, Denver Sheriff Deputy Norrgard, Denver Sheriff Deputy Blaine, and Any Insurance Carrier for the City and County of Denver, CO from the Third Amended Complaint with prejudice as legally frivolous. (*See* "Order to Dismiss in Part and to Draw to a District Judge and Magistrate Judge" (Doc. # 32)). On June 5, 2014, Mr. Farrell requested that Defendant Stob be dismissed from this action. (*See* "Motion to Release Defendant Stob" (Doc. # 88), Courtroom Minutes/Minute Order (Doc. # 89)). Currently pending before the court is Claim One pursuant to Title 28 U.S.C. § 1983 against Defendant Kellermeyer for deliberate indifference to Mr. Farrell's complaints for adequate medical care in violation of the Eighth Amendment of the U.S. Constitution. (*See* Doc. # 31). Also pending is Claim Three pursuant to § 1983 against Defendants Mickelson, Sherrod, Tomsick , and Singleton for excessive force, excessive solitary confinement, interference with prescribed medical treatment, and other deprivations, and against Defendant City and County of Denver pursuant to *Monell v. Dep't of Social Servs.*, 436

U.S. 658, 691 (1978), for its official policy or custom of constitutionally deficient medical care in violation of the Eighth Amendment. (*See* Doc. # 31). Mr. Farrell seeks monetary damages. (*See id.* at 11 of 13).

II.     Standard of Review

Defendants move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Third Amended Complaint ("TAC") (Doc. # 31) for, *inter alia*, failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, ("PLRA") , 42 U.S.C. § 1997e(a).  After *Jones v. Bock*, 549 U.S. 199 (2007), "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). *See also Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) ("district courts can dismiss prisoner complaints for failure to state a claim if it is clear from the face of the complaint that the prisoner has not exhausted his administrative remedies.") (internal quotation marks and citation omitted). On June 5, 2014 the court advised the parties that because the Motion raised exhaustion of administrative remedies, it would be treated as a motion for summary judgment, permitting the court to consider evidence beyond the pleadings. (*See* Doc. # 89).  The court allowed the parties to file supplemental briefs. (*See id.*, *see also* Docs. # 105, # 106, # 107).

>Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary.  Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law.  Substantive law governs what facts are material and what issues must be determined.  It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof.  A factual dispute is genuine and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party.  When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial.

3

> If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

*Bradley v. U.S. Federal Bureau of Prisons*, No. 14-cv-00013-MSK-MJW, 2014 WL 5601118, at ** 1-2 (D. Colo. Nov. 4, 2014) (internal quotation marks and citations omitted).[1]

Because Mr. Farrell appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). This rule "applies to all proceedings involving a pro se litigant, including . . . summary judgment proceedings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (citations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). *See also Yang v. Archuleta*, 525 F. 3d 925, 927 n. 1 (10th Cir. 2008) (the court cannot be a pro se litigant's advocate); *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint").

III.    Analysis

Defendants present evidence that Mr. Farrell failed to exhaust his prerequisite administrative remedies under the PLRA. As Defendants' Motion is properly supported, the burden shifts to Mr. Farrell to show, by presenting specific facts, that summary judgment is not proper. The PLRA provides that "[n]o action shall be brought with respect to prison conditions

---

[1] Copies of unpublished cases cited are attached to this Recommendation.

under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The "PLRA's exhaustion requirement applies to all inmate suits about prison life."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  *See also Booth v. Churner*, 532 U.S. 731, 731-32 (2001) (PLRA requires exhaustion in all matters regardless of remedy sought and availability of remedy at the agency level).

The PLRA's requirement that an inmate exhaust all available administrative remedies before initiating suit is mandatory.  *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").  *See also Jones v. Bock*, 549 U.S. at 210-212 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").  "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007).  "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, -- rules that are defined not by the PLRA, but by the prison grievance process itself."  *Jones v. Bock*, 549 U.S. at 218 (internal quotation marks and citation omitted).  Thus, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id.*

The general operation of the City and County of Denver's Downtown Detention Center's three-step grievance process is undisputed.

> The first step for the inmate is to complete a grievance form, or use plain paper, and include the following information: the date and time of the incident; a specific statement detailing the act or condition giving rise to the grievance; a specific remedy for the grievance; and the inmate's signature, housing location, and book-in number. The grievance is reviewed by the Operations staff of the facility who will provide a written response to the grievance within ten working days of receipt of the grievance.

5

(*See* Declaration of Sergeant Joseph Garcia, Exhibit A (Doc. # 57-1) at ¶ 6, Denver Sheriff Department Inmate Handbook, Exhibit A-1 (Doc. # 57-2) at 8-9 of 26). "The second step in the grievance process is to write a sealed appeal letter to the Division Chief stating the specific grievance and all previous steps the inmate has taken, including all previous answers received." (*See* Doc. # 57-1 at ¶ 7, Doc. # 57-2 at 9 of 26). "The Division Chief will provide a written, dated response within ten working days of receipt of the appeal." (*See id.*).

"The third and final step is to write a personal letter to Director of Corrections if the inmate is still aggrieved." (*See* Doc. # 57-1 at ¶ 7, Doc. # 57-2 at 9 of 26). "The Director will make the final resolution and will provide a written, dated response within ten working days of receipt of the appeal." (*See id.*). "Only after these three steps are taken has an inmate properly exhausted the grievance process for the Denver Sheriff's Department." (*See* Doc. # 57-1 at ¶ 7, Doc. # 57-2 at 9 of 26). *See also generally Snyder v. Harris*, 406 F. App'x 313, 315 (10th Cir. 2011).

Where an inmate's concerns relate to medical issues or medical treatment, the grievance procedures require the inmate to send a written request or grievance form to the Nursing Supervisor. (*See* Doc. # 57-2 at 9 of 26). That written grievance must indicate the time and date of the incident alleged, provide a "specific statement detailing the act or condition giving rise to the grievance," request a specific remedy for the grievance, and include the inmate's signature, housing location and book-in number. (*See id.*). If the inmate is not satisfied with the response received from the Nursing Supervisor, he may send a sealed letter to the Patient Advocate at Denver Health Center. (See id.).

The evidence shows that Mr. Farrell did not submit any grievances regarding his claims against Defendants Mickelson, Singleton and Tomsick. (*See* Doc. # 57-1 at ¶¶10, 12). As to Defendant Sherrod, while Mr. Farrell filed a first step grievance alleging that Deputy Sherrod

6

refused Mr. Farrell's request to loosen his handcuffs or transport him without being handcuffed and shackled, he did not proceed with the second or third steps of the grievance procedure. (*See id.* at ¶¶ 11, 13-14).

Mr. Farrell argues, but presents no evidence, that because he "was at no time given a handbook or instructions pertaining to the grievance procedure," the grievance procedure was not " 'available' with respect to steps regarding the individual deputies." (*See* Doc. # 105 at 1, 2 of 3, ¶¶ 5, 9, Doc. # 77 at 2 of 18, ¶ 13). The PLRA exhaustion statute "requires that prisoners exhaust only available remedies." *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir.2011) (emphasis in original). "[A]n administrative remedy is not 'available' under the PLRA if 'prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of [the] administrative remedy.' " *Id.* (internal quotation marks and citation omitted). District courts must therefore "ensure that any defects in exhaustion [are] not procured from the action or inaction of prison officials." *Tuckel*, 660 F.3d at 1252 (internal quotation marks and citation omitted). *See also, e.g., Hoover v. West*, No. 03-7106, 93 F. App'x 177, 181 (10th Cir. Feb. 19, 2004) (A prisoner lacks available remedies where prison officials deny him the necessary grievance forms.) (internal quotation marks and citation omitted).

The Tenth Circuit Court of Appeals has previously rejected a prisoner's assertion that he was unable to avail himself of the prison grievance procedures because he was never advised that there were any such procedures. *Gonzales-Liranza v. Naranjo*, 76 F. App'x 270, 272-73 (10th Cir. Oct. 2, 2003) ("even accepting plaintiff's allegation that he was unaware of the grievance procedures, there is no authority for waiving or excusing compliance with PLRA's exhaustion requirement."). *See also Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001) (rejecting inmate's argument as lacking any authority).

Mr. Farrell does not dispute that the jail had a grievance procedure. He merely argues that when he was taken to the jail he was never informed that it had a grievance procedure or provided any written materials informing him of his right to use the procedure. However, he simultaneously argues that he submitted grievances "against all deputies named as defendants in this matter, among others." (*See* Doc. # 105 at 2 of 3, ¶ 10). The evidence also indicates that Mr. Farrell had access to and submitted grievance forms. He filed the first step of a grievance against Defendant Sherrod, as well as other grievances regarding inadequate psychological care and discourtesy by other Deputies. (*See* Doc. # 57-1 at ¶ 14). His concession that he "properly used the administrative remedy process as best he knew how" and that he received some "replies" indicates sufficient awareness of the grievance procedures. (*See* Doc. # 77 at 3, 8 of 18, ¶¶ 14, 18, 60). *Cf. Calbart v. Sauer*, 504 F. App'x 778, 783 (10th Cir. 2012) (Inmate who filed numerous grievances could not claim that prison denied him access to grievance forms in order to avoid consequences of his failure to exhaust administrative remedies.); *Beltran v. O'Mara*, 405 F.Supp.2d 140, 150 (D.N.H. 2005) (although the plaintiff-inmate was aware of the established grievance procedure, he merely filed inmate request forms without following up with the available administrative remedies and therefore failed to exhaust as required by the PLRA).

Notwithstanding all of Mr. Farrell's filings in this case, he has not provided any evidence that he exhausted his administrative remedies as to his claims. He submitted declarations from other inmates that do not demonstrate exhaustion. (*See, e.g.*, Doc. # 104 at 1 of 15 (declaration regarding unidentified "numerous grievances and medical kites, and letters I'd see Terrence send to jail staff and medical staff . . ."), Doc. # 104-1 at 2-5, 8, 11-15 (conclusory inmate declarations that do not address the administrative grievance procedure), Doc. # 77 at 12-14, 16-18 (same)). He makes arguments and submits evidence regarding persons not named as

8

defendants in the case and events that occurred when he was not at the Downtown Detention Center.  (*See, e.g.,* Doc. # 77 at 3 of 18, ¶¶ 15, 16, 18, 39, Doc. # 104 at 1, of 15).   The court finds Mr. Farrell's vague and conclusory arguments regarding his alleged inability to exhaust his administrative remedies are insufficient to meet his burden to present specific facts that summary judgment is not proper.  *See Gonzales-Liranza*, 76 F. App'x at 273 ("Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him.  The statute's requirements are clear:  If administrative remedies are available, the prisoner must exhaust them.") (internal quotation marks and citation omitted).

To the extent that Mr. Farrell is arguing that he complied with the PLRA because he filed some grievances during his detention at the Downtown Detention Center, "the doctrine of substantial compliance does not apply" to exhaustion under the PLRA.  *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (citing *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (rejecting assertion that inmates need not properly complete the grievance process or correct deficiencies in their grievances).  *See also Calbart*, 504 F. App'x at 782-84 (filing of unrelated grievances and/or grievances without appeals does not constitute full exhaustion of available remedies because mere substantial compliance does not satisfy the PLRA's requirements).  Mr. Farrell also argues that he submitted kites to "Chief Than."  (*See* Doc. # 105 at 2 of 3, ¶ 10).  However, "[g]iving notice of his claims by means other than the [jail]'s available grievance process does not satisfy PLRA's exhaustion requirement."  *Gonzales-Liranza*, 76 F. App'x at 273 (citation omitted).

"Since the PLRA makes exhaustion a precondition to filing a suit, an action brought before administrative remedies are exhausted must be dismissed. . . ."  *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. Feb. 9, 2012) (citing 42 U.S.C. § 1997e(a)).  *See also Jones*, 549

9

U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Jernigan*, 304 F.3d at 1032 (an "inmate who begins the grievance process but does not complete it is barred from pursuing a . . . claim under the PLRA for failure to exhaust his administrative remedies."). Based on the evidence and Mr. Farrell's own arguments, the court finds that he has not refuted Defendants' evidence that he failed to exhaust the prerequisite administrative remedies before filing his claims. His claims are therefore barred by the PLRA and Defendants are entitled to summary judgment.[2]

Accordingly, IT IS RECOMMENDED that:

1.  The "Motion to Dismiss Prisoner Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)," filed on March 4, 2014 (Doc. # 56) and treated as a motion for summary judgment regarding the exhaustion issue, be GRANTED and summary judgment be entered on the Third Amended Prisoner Complaint (Doc. # 31) in favor of Defendants Mickelson, Sherrod, Tomsick, Singleton, the City and County of Denver, and Kellermeyer based on the failure to exhaust prerequisite administrative remedies.

2.  Defendant Stob be dismissed pursuant to Mr. Farrell's "Motion to Release Defendant Stob" and the Courtroom Minutes/Minute Order dated June 5, 2014. (*See* Docs. # 88, # 89)).

**Advisement to the Parties**

Within **fourteen days** after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and

---

[2] Mr. Farrell's claims against Defendant Kellemeyer are also barred for his failure to exhaust available administrative remedies. Likewise, his claims against the City and County of Denver are barred for his failure to exhaust available administrative remedies. *See Ellis ex rel. Estate of Ellis v. Ogden City*, 589 F.3d 1099, 1104 (10th Cir. 2009) ("[O]nce the claims against the officers were properly dismissed, the claims against the municipality were also properly dismissed since liability for the municipality could not attach.").

recommendation with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar de novo review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 20th day of January, 2015.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge