**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 13-cv-01605-MSK-CBS**

**TERRANCE M. FARRELL, III,**

　　**Plaintiff,**

**v.**

**GREG KELLERMEYER;
MICKELSON, Denver Sheriff Deputy;
SHERROD, Denver Sheriff Deputy;
TOMSICK, Denver Sheriff Deputy;
SINGLETON, Denver Sheriff Deputy;
CITY AND COUNTY OF DENVER, COLORADO,**

　　**Defendants.**

---

**OPINION AND ORDER ADOPTING RECOMMENDATION IN PART AND
GRANTING MOTION TO DISMISS**

---

**THIS MATTER** comes before the Court on the Magistrate Judge's Recommendation (**#131**) to grant the Defendants' Motion to Dismiss (**#56**). The Plaintiff Terrance M. Farrell, III filed Objections (**#132, 133, 134**) to the Recommendation.

## FACTS

Mr. Farrell brings this action pursuant to 42 U.S.C. § 1983. Mr. Farrell's *pro se*[1] Amended Complaint (**#31**) asserts that Dr. Kellermeyer and Deputies Mickelson, Sherrod, Tomsick, and Singleton (the Deputy Defendants) violated his constitutional rights while he was detained at the Denver Detention Center (DDC). As relevant to the instant motion, he asserts that

---

[1] The Court is mindful of Mr. Farrell's *pro se* status, and accordingly, reads his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594 (1972); *see also Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007).

1

(1) Deputy Mickelson subjected him to cruel and unusual punishment by conducting strip searches and that she was also deliberately indifferent to his medical needs; (2) Deputy Sherrod used excessive force by refusing to loosen Mr. Farrell's handcuffs; (3) Deputy Tomsick used excessive force by pushing him down a staircase; and (4) Deputy Singleton subjected him to cruel and unusual punishment by refusing to open Mr. Farrell's cell door while he was in solitary confinement. Mr. Farrell also asserts that the City and County of Denver violated his Eight Amendment right to be free from cruel and unusual punishment by failing to screen him for tuberculosis upon his arrival the DDC and by placing him in housing units with a dangerous offender.

The Deputy Defendants moved to dismiss Mr. Farrell's complaint because (1) Mr. Farrell failed to exhaust his administrative remedies; (2) the Deputies are entitled to qualified immunity; (3) Mr. Farrell's Amended Complaint fails to state a claim against the Deputies in their official capacity; (4) Mr. Farrell has failed to allege an unconstitutional policy, practice, or custom against the city; and (5) Mr. Farrell has failed to sufficiently allege a constitutional violation by the City.

The Court referred the Motion to the Magistrate Judge for a Recommendation. In regard to the exhaustion issue, the Magistrate Judge converted the Motion into a motion for summary judgment and gave the parties an opportunity to file supplemental briefing (**#89**). On January 20, 2015, the Magistrate Judge recommended that the Court enter summary judgment against the Deputy Defendants, the City and County of Denver, and Dr. Kellermeyer because Mr. Farrell failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act

(PLRA), 42 U.S.C. § 1997e(a). Mr. Farrell filed a timely Objection (**#132**) to the Magistrate Judge's Recommendation[2] and the Deputy Defendants responded (**#135**).

## STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court reviews *de novo* determination those portions of the recommendation to which a timely and specific objection is made. *See United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.,* 73 F.3d 1057, 1060 (10th Cir. 1996).

The Deputy Defendants request dismissal of the claims against them because Mr. Farrell failed to exhaust his administrative remedies before bringing this action. Failure to exhaust administrative remedies is an affirmative defense under the PLRA requiring an evidentiary presentation. *Jones v. Bock*, 549 U.S. 199, 217 (2007). As such, it is evaluated as a summary judgment motion pursuant to Fed. R. Civ. P. 56. Summary judgment is appropriate when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

---

[2] Mr. Farrell filed second (**#133**) and third (**#134**) Objections that were untimely. However, the Court has reviewed these Objections and, as discussed below, concludes that they are not relevant to the claims the Deputy Defendants or the City and County of Denver.

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed.R.Civ.P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward,* 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

## ANALYSIS

Mr. Farrell objects to the Magistrate Judge's Recommendation that he failed to exhaust his administrative remedies. Accordingly, the Court reviews the Recommendation *de novo*.

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires a prisoner to exhaust available administrative remedies before bringing an action related to prison conditions. Failure to satisfy the exhaustion requirement is an affirmative defense that a defendant must plead and prove. *See Jones,* 549 U.S. at 216. To properly exhaust administrative remedies, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* Substantial compliance with procedural rules is not sufficient. *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007). A prisoner must first exhaust administrative remedies, "[e]ven when the prisoner seeks relief not available in grievance proceedings." *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 988 (2002).

The PLRA requires only that an inmate exhaust "available" remedies. *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). An inmate's failure to exhaust is excusable if the remedy becomes unavailable because of the action or inaction of prison officials. *See id.* In other words, if "prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable.'" *See id.*

The Deputy Defendants presented a copy of the DDC's grievance policies. The DDC has two separate grievance procedures in place: (1) a general grievance policy and (2) a medical grievance policy. In other words, when an inmate has a concern or issue with a nurse or health care provider, such as Dr. Kellermeyer, he is required to follow a different set of procedures than someone who has a general concern about his confinement or an issue with a member of the DDC staff, such as the Deputy Defendants. For general grievances, the DDC requires three levels of written grievances. The final step in this process is a personal letter to the Director of Corrections. For medical grievances, the DDC also requires three levels of written grievances. However, the final step in this process is a sealed letter to the Patient Advocate at Denver Health. The Deputy Defendants also submitted an affidavit from a DDC official stating that the DDC's records indicated Mr. Farrell had not filed any grievances regarding Deputies Mickelson, Singleton, and Tomsick. In addition, the affidavit stated that Mr. Farrell filed a grievance form against Deputy Sherrod, but did file any appeal letters as required by the second and third steps of the grievance process. The affidavit further states that Mr. Farrell has never filed an appeal letter for any general grievances he filed regarding his confinement at the DDC.

At the outset, the Court notes that most of the arguments in Mr. Farrell's first objection (**#132**) and all of the arguments in his untimely second (**#133**) and third (**#134**) objections relate to the Magistrate Judge's Recommendation that the Court enter summary judgment in favor of

Dr. Kellermeyer. However, Dr. Kellermeyer did not join the Deputy Defendants' Motion and the DDC's procedures for medical grievances differ from those for general grievances against DDC staff. No evidence has been presented regarding whether Mr. Farrell exhausted his administrative remedies as to Dr. Kellermeyer. Thus, the Court declines the Magistrate Judge's recommendation that Mr. Farrell's claim be dismissed.

Regarding the claims against the Deputy Defendants, Mr. Farrell has not presented any evidence to establish that he completed the grievance process. Mr. Farrell does not allege that any DDC staff did anything to frustrate or prevent him from utilizing its grievance procedures.[3] Rather, his sole argument is that the grievance process was unavailable to him because he did not receive a copy of the inmate handbook which contains the grievance policy.

The Supreme Court has stressed that courts should not read futility or other exceptions into the PLRA's statutory exhaustion requirement. *See Booth v. Churner,* 532 U.S. 731, 740 n. 6 (2001). Mr. Farrell has not offered, and the Court has found, binding authority that excuses compliance with the PLRA's exhaustion requirement when an inmate did not receive a copy of the prison's grievance procedures. In fact, the Tenth Circuit has previously rejected a prisoner's assertion that he should have been advised of the need to follow prison administrative procedures. *See Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001); *see also Simmons v. Stus*, 401 F. App'x. 380, 381-82 (10th Cir. 2010) (unpublished); *Gonzales-Liranza v. Naranjo*, 76 F. App'x 270, 272-73 (10th Cir. 2003) (unpublished).  Accordingly, there is no dispute that Mr. Farrell failed to complete the general grievance process and no showing that his failure to exhaust was excusable.

---

[3] Mr. Farrell argues that the DDC did not respond to his medical grievances, as required by the DDC's own grievance policy, which can render an administrative remedy unavailable. *See Little*, 607 F.3d at 1250. However, as discussed above, only evidence about Mr. Farrell's general grievances is relevant to the determination of whether Mr. Farrell exhausted his administrative remedies against the Deputy Defendants.

## **CONCLUSION**

For the foregoing reasons, Mr. Farrell's Objections (**#132, 133**) to the Magistrate Judge's Recommendation (**#131**) are **SUSTAINED IN PART**. The Court **ADOPTS** the Magistrate Judge's Recommendation, insofar as the Court **GRANTS** the Motion (**#56**) and enters summary judgment on the Deputy Defendants' affirmative defense that Mr. Farrell's claims against them claim should be dismissed for failure to exhaust his administrative remedies. Accordingly, the claims against Deputy Mickelson, Deputy Sherrod, Deputy Tomsick, and Deputy Singleton are dismissed. The Court declines the Magistrate Judge's Recommendation as to Dr. Kellermeyer and the claim against him will proceed.

Dated this 12th day of March, 2015.

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge