**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Marcia S. Krieger**

**Civil Action No. 13-cv-01605-MSK-CBS**

**TERRANCE M. FARRELL, III,**

    **Plaintiff,**

**v.**

**GREG KELLERMEYER;**
**MICKELSON, Denver Sheriff Deputy;**
**SHERROD, Denver Sheriff Deputy;**
**TOMSICK, Denver Sheriff Deputy;**
**SINGLETON, Denver Sheriff Deputy;**
**CITY AND COUNTY OF DENVER, COLORADO,**

    **Defendants.**

---

## OPINION AND ORDER OF CLARIFICATION

**THIS MATTER** comes before the Court on the Defendant, the City and County of Denver's, Motion for Clarification (**#142**) of the Court's March 12, 2015 Order (**#139**) adopting the Recommendations of the Magistrate Judge (**#131**), in part. The Plaintiff, Terrance M. Farrell, III, filed a Response (**#148**) to the Motion to Clarify and an independent Motion for Clarification (**#161**).

### Background

Mr. Farrell brought a 42 U.S.C. § 1983 action against Dr. Greg Kellermeyer, four Denver Sheriff Deputies, and the City and County of Denver ("the City"). His Amended Complaint (**#31**) asserts that Dr. Kellermeyer and Deputies Mickelson, Sherrod, Tomsick, and Singleton (the Deputies) violated his Eighth Amendment rights by deliberately disregarding Mr. Farrell's serious medical needs while he was detained at the Denver Detention Center (DDC). Mr. Farrell

1

also asserts additional claims against the City for violating his Eighth Amendment rights by failing to screen him for tuberculosis upon his arrival the DDC and housing him with a dangerous offender.

The Deputies and the City moved to dismiss Mr. Farrell's complaint on grounds that, as relevant here, Mr. Farrell had failed to exhaust his administrative remedies. Dr. Kellermeyer did not join the motion. The Magistrate Judge converted the Motion to Dismiss to one for summary judgment, then recommended that judgment enter in favor of the Deputies, the City, and Dr. Kellermeyer because Mr. Farrell failed to exhaust his administrative remedies. Mr. Farrell an Objection (**#132**) to the Magistrate Judge's Recommendation[1] and the Deputies and the City responded (**#135**).

On March 12, 2015, the Court issued an Opinion and Order (**#139)** adopting the Recommendation of the Magistrate Judge, in part. The Order concluded that it was unclear whether Mr. Farrell had administratively exhausted his claims against Dr. Kellermeyer, thus, the Court declined to enter judgment in favor of Dr. Kellermeyer. As for the Deputies, the Court found that the undisputed evidence demonstrated that Mr. Farrell failed to exhaust his administrative remedies for his claims against them, and thus, granted summary judgment in favor of the Deputies. The Order did not expressly address whether the same rationale warranted entry of judgment in favor of the City.

The City thereafter requested clarification of the Court's Order as to whether Mr. Farrell's claims against the City remained. The City argues that the Order reflects the Court's intent to grant summary judgment in favor of all Denver Defendants. In Mr. Farrell's response to the City's Motion for Clarification, he contends that the City has a responsibility to provide

---

[1] Mr. Farrell filed second (**#133**) and third (**#134**) Objections that were untimely. However, the Court has reviewed these Objections and, as discussed below, concludes that they are not relevant to the claims against the Deputies or the City.

adequate medical care for incarcerated persons and that, in essence, the City is liable for inadequate care provided to Mr. Farrell by the City's agent, Dr. Kellermeyer.[2] Mr. Farrell's Motion for Clarification likewise alleges that Dr. Kellermeyer was acting as a policy-maker and director of healthcare for the DDC, and the City is responsible for the harm Mr. Farrell suffered. Mr. Farrell offers no argument regarding whether he exhausted his administrative remedies against the City.

## Exhaustion of Claims Against the City

The Court's Order did not address whether summary judgment should enter in favor of the City on Mr. Farrell's claims, and the Court now analyzes whether Mr. Farrell's claims against the City are barred due to his failure to exhaust his administrative remedies.

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before bringing an action related to prison conditions. Failure to do so gives rise to an affirmative defense. *See Jones v. Bock,* 549 U.S. 199, 216 (2007). To properly exhaust administrative remedies, an inmate must fully complete all available administrative review processes in accordance with applicable procedural rules. *Id.*; *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007). Important to this case, the PLRA's exhaustion requirement applies to *any* claims related to prison conditions, whether they asserted against individual defendants or a government entity. *See Fields*, 511 F.3d at 1112. Thus, Mr. Farrell was required to pursue all available administrative remedies against the City as a prerequisite to asserting a claim against it.

---

[2] The Court is mindful of Mr. Farrell's *pro se* status and interprets his pleadings liberally pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The Deputies and the City filed a single Motion to Dismiss (**#56**) and supporting Brief (**#57**).[3] The City submitted a copy of the DDC's administrative grievance policy that sets out the process that detainees are required to use make complaints about jail conditions. A detainee starts by filing a written grievance with his or her housing sergeant. If after a response, the detainee is unsatisfied, he or she can pursue the grievance through two layers of appeal (by first sending an appeal to the watch commander, then by completing a formal grievance form). The City also submitted an affidavit from a DDC official who stated that the DDC's records indicated that Mr. Farrell filed (i) a grievance against Deputy Sherrod and (ii) "grievances alleging generally that he was not being provided with adequate psychological care." The first grievance does not implicate the City. The second category of grievances arguably may not either, but for purposes of this analysis, the Court will assume that the second category of grievances was directed at the City. In the affidavit, the DDC official stated that there were no appeals from the resolution or outcome of any of these grievances as required by the second and third steps of the administrative process.

Mr. Farrell did not present any evidence 1) that administrative grievances were made against the City; 2) what the outcome of the grievances was; or 3) that he appealed the outcome of those grievances. Thus, there is no evidence to demonstrate compliance with the PLRA's exhaustion requirement. Accordingly, the Court grants summary judgment in favor of the City on all of Mr. Farrell's claims.

## **CONCLUSION**

---

[3] In the pleadings submitted by the Deputies and the City, they characteristically refer to themselves as the "Denver Defendants."  This has bred confusion because they are not extensions of each other, and the evidence relative to exhaustion of remedies must be viewed in separate context as to each.

For the foregoing reasons, the Court hereby **GRANTS** both Motions (**#142**) and (**#161**) **in so far as clarification is sought,** and **GRANTS** the City's Motion to Dismiss (**# 59**).[4]  The claim against Dr. Kellermeyer will proceed.

Dated this 4th day of November, 2015.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge

---

[4] Because the subject matter of the claims against the Denver Defendants and Dr. Kellermeyer are intertwined, the Court declines to immediately enter judgment in favor of the Denver Defendants pursuant to Fed. R. Civ. P. 54(b). Summary judgment determinations are interlocutory and will not become final until the conclusion of proceedings against Dr. Kellermeyer.